# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER VANGEMERT,

    Plaintiff(s),

v.

NANCY A. BERRYHILL,

    Defendant(s).

Case No.: 2:18-cv-00657-JCM-NJK

**REPORT AND RECOMMENDATION**

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 15. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 22. Plaintiff filed a reply. Docket No. 23. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.     STANDARDS**

    A.     <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522, 416.921, 416.922. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe

medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     BACKGROUND**

   A.     Procedural History

On July 28, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability onset of February 15, 2014.  *See, e.g.*, Administrative Record ("A.R.") 177-89.  Plaintiff's claims were denied initially on July 17, 2015, and upon reconsideration on November 19, 2015.  A.R. 111-14, 119-23.  On December 1, 2015, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  A.R. 125-26.  On December 8, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Norman Bennett.  *See* A.R. 35-50.  On February 10, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision.  A.R. 17-34.  On February 6, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  A.R. 1-6.

On April 11, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. A.R. 20-30. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019, and has not engaged in substantial gainful activity since February 15, 2014. A.R. 22. At step two, the ALJ found that Plaintiff has the following severe impairments: borderline intellectual functioning, diabetes mellitus, type II, hypertension, anxiety disorder, and obesity. A.R. 22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 22-25. The ALJ found that Plaintiff has the residual functional capacity to perform

> medium work as defined by 20 CFR 404.1567(c) and 416.967(c) except: he can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; he can stand or walk six hours out of an eight-hour day and sit for six hours out of an eight-hour day; he could only have occasional contact with supervisors, coworkers, and the general public, and he is further relegated to simple, repetitive tasks.

A.R. 25-29. At step four, the ALJ found Plaintiff is capable of performing past relevant work as a kitchen helper. A.R. 29. As such, the ALJ found Plaintiff not disabled. A.R. 30.

**III. ANALYSIS AND FINDINGS**

Plaintiff argues primarily on appeal that the ALJ erred in adopting a "simple, repetitive tasks" limitation in the RFC and ultimately concluding that Plaintiff could work as a kitchen helper when the opinion evidence indicates that Plaintiff can perform only one- to two-step tasks. *See, e.g.*, Docket No. 15 at 7-9 (discussing *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015)). The Commissioner counters that the ALJ's formulation of the RFC was proper and that there was no error in the conclusion that Plaintiff could work as a kitchen helper. *See* Docket No. 22 at 4-8. Plaintiff has the better argument.

In *Rounds*, the Ninth Circuit addressed whether an ALJ erred in formulating an RFC that included a limitation to one- to two-step tasks, but then concluded that the claimant could perform jobs that had DOT level two reasoning. 807 F.3d at 1003. The Ninth Circuit held that there was an apparent conflict between a limitation to one- to two-step tasks and a DOT occupation assigned level two reasoning, "which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Id.* In doing so, the Ninth Circuit pointed to the similarity between such a limitation and DOT reasoning level 1, which requires a person to apply a "commonsense understanding to carry out simple one-or two-step instructions." *Id.* The Ninth Circuit remanded for the ALJ to determine whether there was a reasonable basis for reconciling the conflict in that case between the RFC limitation and the DOT occupation. *Id.*

The reasoning of *Rounds* has been expanded to a slightly different scenario. In particular, "[f]ollowing *Rounds*, a number of district courts within this Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." *Wilson v. Colvin*, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017) (collecting cases). "These courts have concluded that the ALJ erred and remanded for further proceedings." *Striet v. Berryhill*, 2019 WL 386227, at *7 (D. Nev. Jan. 11, 2019) (collecting cases), *adopted*, 2019 WL 383996 (D. Nev. Jan. 30, 2019).

The scenario confronting these district courts is precisely the situation in this case.[2] The consultative psychological examiner opined that Plaintiff was limited to carrying out one- or two-step instructions. *See, e.g.*, A.R. 28. The state agency psychological consultants similarly opined that Plaintiff was limited to carrying out two-step instructions. *See, e.g.*, *id.* Without providing an explanation as to this specific aspect of those opinions, the ALJ ignored those findings and instead

---

[2] The parties' briefs do not discuss this authority. Attorneys are required to identify legal precedent that is controlling on an issue. *See* Nev. R. Prof. Cond. 3.3(a)(2). The Court recognizes that decisions issued by other district courts constitute persuasive rather than controlling precedent. *See, e.g.*, *Phelps v. Wyeth, Inc.*, 938 F. Supp. 2d 1055, 1078 (D. Or. 2013). Nonetheless, when a robust body of law has been developed by the district courts within the Ninth Circuit on the very issue in contention, the Court expects the parties to acknowledge and discuss that authority.

adopted a "simple, repetitive tasks" limitation in the RFC. A.R. 25.[3] In light of the guidance provided in *Rounds*, the ALJ's RFC limitation of "simple, repetitive tasks" constituted an implicit rejection of the findings by the consultative psychological examiner and the state agency psychological consultants that Plaintiff was limited to one- to two-step tasks. *See, e.g.*, *Striet*, 2019 WL 386227, at *7. It is error for an ALJ to implicitly reject such opinions without articulating an explanation supported by substantial evidence. *See, e.g.*, *id.* at *8. Moreover, the ALJ then concluded that Plaintiff could perform past relevant work as a kitchen helper, A.R. 29-30, which requires level two reasoning, *see, e.g.*, *Rounds*, 807 F.3d at 1002 (citing DOT (4th ed. 1991) § 318.687-010). Hence, the underlying error in formulating the RFC was not harmless because of the apparent conflict between a limitation to one- to two-step tasks and an occupation that requires level two reasoning. *Cf. Striet*, 2019 WL 386227, at *7.[4]

Consistent with *Rounds* and the many district court decisions applying it in the same context presented in this case, the undersigned concludes that the ALJ erred below and that remand is required for further proceedings to address the issues identified herein.[5]

**IV.   CONCLUSION**

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 15) be **GRANTED in that the case should be remanded for further proceedings**, and that Defendant's Cross-Motion to Affirm (Docket No. 22) be **DENIED**.

Dated: March 7, 2019

    
Nancy J. Koppe  
United States Magistrate Judge

---

[3] The ALJ gave these opinions "partial weight" because the ALJ assigned <u>further</u> limitations not included therein to reflect Plaintiff's subjective testimony regarding his anxiety around people. A.R. 28.

[4] The Commissioner argues that the result here may be different because Plaintiff has the burden at step four of the sequential analysis. Docket No. 22 at 7-8. The Court is not persuaded. *Cf. Fowler v. Berryhill*, 2018 WL 566217, at *7 n.1 (D. Or. Jan. 26, 2018).

[5] Because remand is appropriate for the reason identified herein, the undersigned declines to address the other arguments raised by Plaintiff in his briefing.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).